# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>***(SOLO PARA USO DE LA CORTE)*** |

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
01/22/2026
Chad Finke, Executive Officer / Clerk of the Court
By: _____ A. Gospel _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LIVE OAK BANKING COMPANY, a North Carolina Business Corporation, and DOES 1 - 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
31014 UNION CITY BLVD LLC

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* The Superior Court of California

County of Alameda 1225 Fallon Street, Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
**26CV166192**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Womble Bond Dickinson, Quinlan S. Tom (SBN 142461) 50 California Street, Ste. 2750, San Francisco, CA 94111 (415) 433-1900

DATE: 01/22/2026    Clerk, by _____, Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court   *(Secretario)*   A. Gospel   *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐   as an individual defendant.
2. ☐   as the person sued under the fictitious name of *(specify):*
3. ☐   on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*

4. ☐   by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | Save this form | | Clear this form |
|---|---|---|---|

**WOMBLE BOND DICKINSON (US) LLP**
QUINLAN S. TOM (SBN 142461)
  Quinlan.Tom@wbd-us.com
NABEAL SUNNA (SBN 339654)
  Nabeal.Sunna@wbd-us.com
50 California Street, Suite 2750
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorney for Plaintiff
31014 Union City Blvd LLC

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
01/22/2026 at 08:48:29 PM
By: Andrel Gospel,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## ALAMEDA COUNTY

| | |
|---|---|
| 31014 UNION CITY BLVD LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LIVE OAK BANKING COMPANY, a North Carolina Business Corporation, and Does 1 through 100.<br><br>Defendant. | Case No.: 26CV166192<br><br>*UNLIMITED JURISDICTION*<br><br>**31014 UNION CITY BLVD, LLC'S COMPLAINT FOR FRAUD, NEGLIGENT MISREPRESENTATION, BREACH OF CONTRACT, UNFAIR AND DECEPTIVE TRADE PRACTICES, FRAUDULENT SBA LOAN ADMINISTRATION, FALSE CLAIMS ACT** |

Plaintiff 31014 Union City Blvd. LLC. alleges as follows:

### FIRST CAUSE OF ACTION

(Breach of Written Contract)

1. Plaintiff 31014 UNION CITY BLVD LLC ("Union City" or "Plaintiff") is a limited liability corporation organized and existing under the laws of the State of California and doing business in Alameda County, California, and is the owner of the real property located at 31014 Union City Blvd. Union City, California (the "Property").

2. Defendant LIVE OAK BANKING COMPANY ("Live Oak" or "Defendant") is a North Carolina Business Corporation, organized under the laws of North Carolina and doing business in Alameda County, California.

1
Complaint

3.     Plaintiff is presently unaware of the true names and capacities, whether individual, partnership, corporate, or otherwise, of defendants Does 1 through 100, inclusive, and on that basis designates these defendants by such fictitious names. When the true names and capacities of defendants Does 1 through 100, inclusive, or any of them, become known, Plaintiff will amend this Complaint to state their true names and capacities.  Plaintiff is informed and believes that Does 1 through 100, inclusive, and each of them, are in some way liable, responsible, or indebted to Plaintiff in connection with the events and/or transactions referred to in this Complaint.

4.     Plaintiff is informed and believes that except where otherwise expressly alleged, defendants Does 1 through 100, inclusive, and each of them is, and at all times mentioned herein was an agent, partner, joint venturer, and/or employee of the other defendants and is, and at all times mentioned herein was, performing the acts and omissions herein alleged, within the course and scope of such agency, partnership, joint venture, and/or employment. Plaintiff is further informed and believes that the acts and omissions of defendants Does 1 through 100, inclusive, and each of them, were known to, and authorized and ratified by, the other defendants and that each of the defendants is legally responsible for the conduct and damages herein alleged.

5.     This Court has jurisdiction and venue is proper in this Court because the Property is located in Santa Clara County and the events giving rise to this action wholly occurred in Santa Clara County.

6.     On or about December 5, 2021, Live Oak and Union City entered into a loan agreement (the "Loan Agreement") for the construction of a veterinary hospital and related work on the Property (the "Project") with a maximum loan disbursement amount of $3,790,000.

7.     Under the Loan Agreement, Live Oak agreed that it would perform its duties in accordance with all applicable laws and in good faith, including, but not limited to, the Small Business Administration's guidelines.

8.     Under the Loan Agreement for the Project, Live Oak would make disbursements directly to Regency for work that was *completed* by Regency on the Project and for which Union City would have been liable for under the Construction Contract.

9.     On or about September 21, 2022, Union City entered into a construction contract (the

"Construction Contract") with Regency General Contractors Inc., ("Regency") for the Project.

10. Shortly after entering into the Construction Contract, Regency submitted Revised Payment Application #1, which requested payment in the amount of $427,812.50 and included a charge of $220,189 for "mobilization."

11. Live Oak submitted the invoice for Union City's approval without noting that Revised Payment Application #1 both did not include the requisite invoice support or that the included mobilization costs were not a part of the Construction Contract, and, therefore, did not constitute a valid disbursement under the terms of the Loan Agreement.

12. By approving Revised Payment Application #1, Live Oak expressly represented that it was supported by sufficient documentary evidence, such as invoices, and was a validly claimed expense under the Construction Contract.

13. Live Oak breached the Loan Agreement by, amongst other things:

failing to administer the Loan Agreement in good faith;

approving loan disbursements to Regency that were not in accordance with Live Oak's obligations under the Loan Agreement;

approving loan disbursements to Regency in an unfair and deceptive manner; and

administering the Loan Agreement for the benefit of Regency and to the detriment of Plaintiff.

14. Plaintiff has performed all of its obligations under the Loan Agreement, save what has been excused or prevented.

15. As a proximate result of Live Oak's breaches, Plaintiff has suffered damages in excess of $13,500,000.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

(Fraud)

16. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 15 above as though fully set forth herein.

17. Plaintiff is informed and believes and, on that basis, alleges, that Live Oak knew that

Regency's documentary support for Revised Payment Application #1 was insufficient to satisfy Live Oak's own internal disbursement policy at that time that it approved said application.

18. At the time Live Oak made these representations, they knew the representations were false.

19. Live Oak made the representations to induce Plaintiff to approve Revised Payment Application #1.

20. When Live Oak made the representations to Plaintiff, Plaintiff was unaware of the falsity of the representations and reasonably relied upon the representations.

21. As a proximate cause of the false representations, Plaintiff has suffered damages in excess of $13,000,000.

22. Live Oak's actions were made with oppression, fraud and/or malice.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## THIRD CAUSE OF ACTION

(Negligent Misrepresentation)

23. Plaintiff incorporates by reference each and ever allegation contained in paragraphs 1 through 17, 19-21 above, as though fully set forth herein.

24. At the time Live Oak made the representations, it did not have a reasonable belief that the representations were true.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

(Unfair and Deceptive Trade Practices, N.C. Gen. Statutes §75-1.1)

25. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 20 above as though fully set forth herein.

26. Live Oak's actions were unfair and/or deceptive.

27. As a proximate result of Live Oak's unfair and deceptive practices, Plaintiff has suffered damages in excess of $13,500,000.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

Complaint

### FIFTH CAUSE OF ACTION

(False Claims Act, 31 U.S.C. §3729-3733)

28.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 27 above as though fully set forth herein.

29.     Live Oak's actions were a certification to the United States Small Business Administration ("SBA") that the disbursement was in compliance with the applicable SBA regulations.

30.     At the time Live Oak made the certification, Live Oak knew that the certification was false.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### PRAYER

**On the First and Third Causes of Action:**

1.      For compensatory damages in the amount of $13,500,000.00;

2.      For attorneys' fees and costs;

**On the Second Cause of Action:**

3.      For compensatory damages in the amount of $13,500,000.00;

4.      For exemplary damages;

5.      For attorneys' fees and costs.

**On the Fourth and Fifth Causes of Action:**

6.      For compensatory damages in the amount of $13,500,000.00;

7.      For treble damages;

**On all Causes of Action**

8.      For such other and further relief as the Court deems just and proper.

Complaint

DATED:  January 22, 2026                    **WOMBLE BOND DICKINSON (US) LLP**

By: _____

                                            Quinlan Tom
                                            Nabeal Sunna
                                            Attorneys for Plaintiff
                                            31014 Union City Blvd. LLC.

Complaint

CM-010

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** | STATE BAR NUMBER: | ***FOR COURT USE ONLY*** |

NAME:  Quinlan S. Tom (SBN 142461)
FIRM NAME:  WOMBLE BOND DICKINSON (US) LLP
STREET ADDRESS:  50 California Street, Suite 2750
CITY:  San Francisco      STATE:  CA      ZIP CODE:  94111
TELEPHONE NO.:  (415) 433-1900      FAX NO.:  (415) 433-5530
EMAIL ADDRESS:  Quinlan.Tom@wbd-us.com
ATTORNEY FOR (name):  Plaintiff, 31014 Union City Blvd LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
01/22/2026 at 08:48:30 PM
By: Andrel Gospel,
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA**
STREET ADDRESS:  1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Oakland, CA 94612
BRANCH NAME:  Rene C. Davidson Courthouse

CASE NAME:
 31014 Union City Blvd LLC v. Live Oak Banking Company

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) □ **Limited** (Amount demanded is $35,000 or less) | □ Counter   □ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 26CV166192  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
□ Auto (22)
□ Uninsured motorist (46)

**Asbestos**
□ Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
□ Product liability (24)
□ Medical malpractice (45)
□ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
□ Business tort/Unfair business practice (07)
□ Civil rights (08)
□ Defamation (13)
□ Fraud (16)
□ Intellectual property (19)
□ Professional negligence (25)
□ Other non-PI/PD/WD tort (35)

**Employment**
□ Wrongful termination (36)
□ Other employment (15)

**Contract**
[x] Breach of contract/warranty (06)
□ Rule 3.740 collections (09)
□ Other collections (09)
□ Insurance coverage (18)
□ Other contract (37)

**Real Property**
□ Eminent domain/Inverse condemnation (14)
□ Wrongful eviction (33)
□ Other real property (26)

**Unlawful Detainer**
□ Commercial (31)
□ Residential (32)
□ Drugs (38)

**Judicial Review**
□ Asset forfeiture (05)
□ Petition re arbitration award (11)
□ Writ of mandate (02)
□ Other judicial review (39)

**Employment Development Department (EDD)**
□ EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
□ Antitrust/Trade regulation (03)
□ Construction defect (10)
□ Mass tort (40)
□ Securities litigation (28)
□ Environmental/Toxic tort (30)
□ Comprehensive groundwater adjudication (47)
□ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
□ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
□ RICO (27)
□ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
□ Partnership and corporate governance (21)
□ Other petition (*not specified above*) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

**CM-010**, Page 1 of 3

CM-010

2.  Is this case complex under rule 3.400 of the California Rules of Court?  ☐ Yes  ☒ No

    If the case is complex, mark the factors requiring exceptional judicial management:

    a. ☐ Large number of separately represented parties

    b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

    c. ☐ Substantial amount of documentary evidence

    d. ☐ Large number of witnesses

    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

    f. ☐ Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):*

    a. ☒ monetary

    b. ☐ nonmonetary; declaratory or injunctive relief

    c. ☐ punitive

4.  Number of causes of action *(specify):* 6

5.  Is this case a class action suit?  ☐ Yes  ☒ No

6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 22, 2026

Quinlan S. Tom
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

---

Rev. January 1, 2026        **Civil Case Cover Sheet**        **CM-010**, Page 2 of 3



CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/
Wrongful Death
Uninsured Motorist (46) *(if the case involves
an uninsured motorist claim subject to
arbitration, check this item instead of Auto)*
**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/
environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians &
Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g.,
assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest)
*(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not
medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not
unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff
*(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book
accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord-tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs,
check this item; otherwise, report as
Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case
Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals
**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case
involves an Employment Development
Department decision, check this item
instead of Wrongful Termination or Other
Employment)*

**Provisionally Complex Civil Litigation (Cal.
Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication
(47)
Insurance Coverage Claims *(arising from
provisionally complex case type listed
above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid
taxes)*
Petition/Certification of Entry of Judgment
on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief
Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-
tort/non-complex)*
Other Civil Complaint *(non-tort/non-
complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**Civil Case Cover Sheet**

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| 31014 Union City Blvd LLC v. Live Oak Banking Company | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW __UNLIMITED__ CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| [✓] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447)<br>[ ] Pleasanton, Gale-Schenone Hall of Justice (448) |
|---|---|

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G)<br>**Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [ ] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [✓] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial **Is the deft. in possession** |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential **of the property?** |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name<br>[ ] 69 Other petition |

202-19 (5/1/00)                                                                                       A-13

| | Reserved for Clerk's File Stamp |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | **FILED** Superior Court of California County of Alameda 01/22/2026 Chad Finke, Executive Officer/Clerk of the Court By: _André Lhind_ Deputy A. Gospel |

| | |
|---|---|
| COURTHOUSE ADDRESS: Hayward Hall of Justice 24405 Amador Street, Hayward, CA 94544 | |
| PLAINTIFF(S): 31014 UNION CITY BLVD LLC | |
| DEFENDANT(S): LIVE OAK BANKING COMPANY et al | |

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER: 26CV166192 |
|---|---|

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Elizabeth Riles |
| DEPARTMENT: | 512 |
| LOCATION: | Hayward Hall of Justice 24405 Amador Street, Hayward, CA 94544 |
| PHONE NUMBER: | (510) 690-2721 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept512@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate).  Parties may arrange and pay for the attendance of a certified shorthand reporter.  In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available.  For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing.  Information regarding Civil e-filing can be found on the courts website.  All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**
JUDGE Elizabeth Riles
DEPARTMENT 512

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

A. Gospel, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**
ACSC (Rev. 10/21)                                                                                          Page 2 of 2

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

PLAINTIFF:
31014 UNION CITY BLVD LLC

DEFENDANT:
LIVE OAK BANKING COMPANY et al

### NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
01/22/2026
Chad Finke, Executive Officer/Clerk of the Court
By: _____ Deputy
A. Gospel

CASE NUMBER:
26CV166192

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

|  |  |  |
|---|---|---|
| Date: 06/22/2026 | Time: 2:30 PM | Dept.: 512 |
| Location: Hayward Hall of Justice 24405 Amador Street, Hayward, CA 94544 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

 If the parties agree, they may try the case in an Expedited Jury Trial.  Code of Civ. Proc. § 630.01 et seq.  In short, the parties would agree to the following:  8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal.  For additional information, please see the following links:

 • EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
 • EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
 • EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>01/22/2026<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _A. Gospel_ Deputy<br>A. Gospel |
| PLAINTIFF/PETITIONER:<br>31014 UNION CITY BLVD LLC | |
| DEFENDANT/RESPONDENT:<br>LIVE OAK BANKING COMPANY et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26CV166192 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Quinlan S Tom
WOMBLE BOND DICKINSON US LLP
50 California Street, Suite 2750
San Francisco, CA 94111

Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/26/2026                    By:

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**

SUM-100

# SUMMONS ON FIRST AMENDED COMPLAINT
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LIVE OAK BANKING COMPANY, a North Carolina Business Corporation, and Does 1 through 100

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
03/25/2026
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Harbour _____ Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

31014 UNION CITY BLVD LLC, a California limited liability company, and UNION CITY VETERINARY CORPORATION, a California corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* The Superior Court of California County of Alameda; Rene C. Davidson Courthouse 1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* 26CV166192    26CV166192 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Womble Bond Dickinson, Quinlan S. Tom (SBN 142461) 50 California Street, Ste. 2750, San Francisco, CA 94111 (415) 433-1900

DATE: March 25, 2026          Chad Finke, Executive Officer / Clerk of the Court          Clerk, by _____ , Deputy
*(Fecha)*                                                                                    *(Secretario)*    D. Harbour          *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |

**WOMBLE BOND DICKINSON (US) LLP**
QUINLAN S. TOM (SBN 142461)
  *Quinlan.Tom@wbd-us.com*
NABEAL SUNNA (SBN 339654)
  *Nabeal.Sunna@wbd-us.com*
50 California Street, Suite 2750
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:   (415) 433-5530

Attorney for Plaintiffs
31014 Union City Blvd LLC and Union City Veterinary Corporation

**FILED**
Superior Court of California
County of Alameda
03/20/2026
Chad Finke, Executive Officer/Clerk of the Court
By: _____ Deputy
C. Huang

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## ALAMEDA COUNTY

31014 UNION CITY BLVD LLC, a California limited liability company; and UNION CITY VETERINARY CORPORATION, a California corporation,

Plaintiffs,

vs.

LIVE OAK BANKING COMPANY, a North Carolina business corporation, and Does 1 through 100.

Defendant.

Case No.: 26CV166192

*UNLIMITED JURISDICTION*

**31014 UNION CITY BLVD, LLC AND UNION CITY VETERINARY CORPORATION'S FIRST AMENDED COMPLAINT FOR BREACH OF WRITTEN CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, FOR FRAUD, NEGLIGENT MISREPRESENTATION, AND UNFAIR AND DECEPTIVE TRADE PRACTICES.**

Plaintiffs 31014 Union City Blvd LLC and Union City Veterinary Corporation allege as follows:

### FIRST CAUSE OF ACTION
(Breach of Written Contract)

1.      Plaintiff 31014 UNION CITY BLVD LLC ("Union City Blvd") is a limited liability company organized and existing under the laws of the State of California and doing business in Alameda County, California, and at all relevant times mentioned herein was the owner of the real property located at 31014 Union City Blvd., Union City, California (the "Property").

1

First Amended Complaint

2.      Plaintiff UNION CITY VETERINARY CORPORATION ("Union City Vet") is a corporation organized and existing under the laws of the State of California doing business in Alameda County, California. Plaintiffs Union City Blvd and Union City Vet are collectively referred to herein as "Plaintiffs."

3.      Defendant LIVE OAK BANKING COMPANY ("Live Oak" or "Defendant") is a North Carolina business corporation, organized under the laws of North Carolina and doing business in Alameda County, California.

4.      Plaintiffs are presently unaware of the true names and capacities, whether individual, partnership, corporate, or otherwise, of defendants Does 1 through 100, inclusive, and on that basis designate these defendants by such fictitious names. When the true names and capacities of defendants Does 1 through 100, inclusive, or any of them, become known, Plaintiffs will amend this Complaint to state their true names and capacities.  Plaintiffs are informed and believe that Does 1 through 100, inclusive, and each of them, are in some way liable, responsible, or indebted to Plaintiffs in connection with the events and/or transactions referred to in this Complaint.

5.      Plaintiffs are informed and believe that except where otherwise expressly alleged, defendants Does 1 through 100, inclusive, and each of them is, and at all times mentioned herein was an agent, partner, joint venturer, and/or employee of the other defendants and is, and at all times mentioned herein was, performing the acts and omissions herein alleged, within the course and scope of such agency, partnership, joint venture, and/or employment. Plaintiffs are further informed and believe that the acts and omissions of defendants Does 1 through 100, inclusive, and each of them, were known to, and authorized and ratified by, the other defendants and that each of the defendants is legally responsible for the conduct and damages herein alleged.

6.      This Court has jurisdiction, and venue is proper in this Court because the Property is located in Alameda County and the events giving rise to this action wholly occurred in Alameda County.

7.      On September 9, 2021, the U.S. Small Business Administration issued an SBA 7(a) Loan Authorization ("SBA Authorization") for Plaintiffs' intended purpose to purchase the Property to undertake interior renovations to construct, furnish, and equip a new veterinary hospital business

First Amended Complaint

("Project"). This SBA Authorization memorializes SBA's approval of the Loan with Live Oak Bank – the originating and servicing lender – and sets mandatory SBA terms and conditions governing the Loan and the Project, including restrictions on the use of proceeds and the requirements applicable to construction disbursements under SBA's guaranty.

8. On or about November 5, 2021, Plaintiffs executed an SBA 7(a) guaranteed loan agreement with Live Oak (the "Loan Agreement"). This Loan Agreement governs the parties' loan relationship, including conditions to disbursement, borrower covenants, events of default and remedies, and the construction draw and disbursement process. The Loan Agreement also expressly incorporates and/or references the SBA Loan Authorization and related SBA requirements applicable to the transaction.

9. The Loan Agreement was issued as part of an SBA-guaranteed 7(a) construction loan and incorporated the SBA Loan Authorization into the parties' contract.

10. Under the Loan Agreement, Live Oak agreed that it would perform its duties in accordance with all applicable laws and in good faith, including, but not limited to, the United States of America Small Business Administration's guidelines.

11. Live Oak served as the originating and servicing lender for the Loan and controlled the disbursement of funds.

12. On or about September 21, 2022, Plaintiffs entered into a construction contract (the "Construction Contract") with Regency General Contractors Inc. ("Regency") for the Project.

13. Under the Loan Agreement, Live Oak agreed to, among other things, make disbursements directly to Regency for work that was *completed* by Regency on the Project and for which Plaintiffs would have been liable under the Construction Contract.

14. Shortly after entering into the Construction Contract, Regency submitted Revised Payment Application #1, which requested payment in the amount of $385,031.25 and included a charge of $220,189 for "mobilization" costs ("Payment Application #1").

15. Live Oak submitted Payment Application #1 for Plaintiffs' approval without noting that Payment Application #1 neither included the requisite invoice support nor that the included mobilization costs were not a part of the Construction Contract, and, therefore, did not constitute a

3

First Amended Complaint

valid disbursement under the terms of the Loan Agreement.

16. By approving Payment Application #1, Live Oak expressly represented that it was supported by sufficient documentary evidence, such as invoices, and was a validly claimed expense under the Construction Contract.

17. Live Oak breached the Loan Agreement by, among other things, the following:

- Failing to administer the Loan Agreement in good faith;

- Approving loan disbursements to Regency that were not in accordance with Live Oak's obligations under the Loan Agreement;

- Approving loan disbursements to Regency in an unfair and deceptive manner; and

- Administering the Loan Agreement for the benefit of Regency and to the detriment of Plaintiffs.

18. Plaintiffs have performed all of their obligations under the Loan Agreement, except to the extent performance has been excused or prevented.

19. As a proximate result of Live Oak's breaches, Plaintiffs have suffered damages in excess of $14,210,831.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**

(Breach of Implied Covenant of Good Faith and Fair Dealing)

20. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 19 above as though fully set forth herein.

21. The Loan Agreement includes the implied covenant of good faith and fair dealing.

22. Live Oak breached its covenant of good faith and fair dealing by failing to administer the Loan Agreement in accordance with its terms, and in a manner inconsistent with the purpose of the Loan.

23. Live Oak breached the implied covenant by exercising its discretion over draw administration and disbursement in bad faith and/or in a manner inconsistent with the Loan's purpose and Plaintiffs' justified contractual expectations, including, without limitation, by:

4

First Amended Complaint

a. Live Oak solicited, approved, and disbursed Payment Application #1 without requiring or obtaining the level of backup supporting documentation (e.g., invoices, estimates, bids) that Live Oak represented was required for disbursement. Live Oak disbursed approximately $385,031.25 on Payment Application #1, including approximately $220,189 billed as mobilization costs, without reasonably sufficient documentation commensurate with the amounts claimed.

b. Inducing borrower participation/approval on a partial record while withholding material backup. Live Oak solicited and/or obtained Plaintiffs' approval of Payment Application #1 while providing Plaintiffs only a limited subset of documents (e.g. AIA G702/703 application forms and the high-level "Billing Breakdown") and withholding key invoice/backup documentation necessary for Plaintiffs to evaluate whether the disbursement was substantiated.

24.     As a proximate result of Live Oak's breaches, Plaintiffs have suffered damages in excess of $14,210,831.00.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

(Fraud)

25.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 24 above as though fully set forth herein.

26.     In or around October 2022, Live Oak informed Plaintiffs that it had appointed a construction specialist, Charlie Lehmann ("Lehmann"), to oversee certain aspects of the Project and associated loan funding including, without limitation, Regency's satisfaction of documentary support requirements.

27.     Lehmann had express and implied agency authority to act and make representations on Live Oak's behalf.

28.     On or about December 22, 2022, Lehmann informed Plaintiffs "we are keeping you all in mind by requesting these backup items to confirm pricing for [payments that are] being requested" by Regency and that Live Oak would "make sure everything is accurate" and limited to

5

First Amended Complaint

what is subject to payment under the Loan Agreement. Lehmann further assured Plaintiffs that payment would only be issued for work actually completed or materials already ordered by Regency, with adequate supporting documentation.

29. On or about January 23, 2023, Lehmann, from Live Oak, presented and submitted Payment Application #1 by email, requesting Plaintiffs' "approval on releasing funds to Regency" as Live Oak had "received the majority of the backup documents [they] were looking for…"

30. Live Oak thereby expressly indicated that it had reviewed the application and verified that Regency had submitted adequate documentary support for Payment Application #1, as required under the Loan Agreement and Live Oak's own disbursement standards.

31. At the time Live Oak approved and submitted Payment Application #1, Live Oak had neither obtained nor reviewed the required documentary support from Regency, and Payment Application #1 included substantial "mobilization" costs that were not authorized under the Construction Contract or otherwise eligible for disbursement under the Loan Agreement.

32. Live Oak, nonetheless, presented Payment Application #1 in a manner that conveyed compliance and verification, when such review had not occurred.

33. Plaintiffs are informed and believe and, on that basis allege that Live Oak knew Regency's documentary support for Payment Application #1 was insufficient to satisfy Live Oak's own internal disbursement policy at that time that it approved said application.

34. At the time Live Oak made these representations, it knew the representations were false.

35. Live Oak made the representations to induce Plaintiffs to approve Payment Application #1.

36. When Live Oak made the representations to Plaintiffs, Plaintiffs were unaware of the falsity of the representations and reasonably relied upon the representations.

37. As a proximate cause of the false representations, Plaintiffs have suffered damages in excess of $14,210,831.00.

38. Live Oak's actions were taken with oppression, fraud, and/or malice.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

First Amended Complaint

**FOURTH CAUSE OF ACTION**

(Negligent Misrepresentation)

39.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 19, 26 through 33, and 36 through 37 above, as though fully set forth herein.

40.    At the time Live Oak made the representations, it did not have a reasonable belief that the representations were true.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

(Unfair and Deceptive Trade Practices, N.C. Gen. Stat. § 75-1.1)

41.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 23 and 26 through 35 above as though fully set forth herein.

42.    At all relevant times herein, Live Oak was engaged in commerce as the originating and servicing lender of the SBA-guaranteed construction loan and exercised exclusive control over loan disbursements.

43.    Live Oak's conduct with respect to Payment Application #1 had the capacity and tendency to mislead Plaintiffs by inducing them to approve a draw on the false premise that Payment Application #1 had been properly reviewed and substantiated by Live Oak.

44.    Plaintiffs reasonably relied on Live Oak's implied verification in approving Payment Application #1 and permitting the disbursement of loan proceeds.

45.    On or about July 3, 2024, Plaintiffs reached out to Tara Burrell ("Burrell"), a Project Manager for Live Oak, and requested documentation and information related to Payment Application #1, including, without limitation, materials necessary for Plaintiffs to evaluate the draw process, lien exposure, and compliance with disbursement requirements.

46.    Even though Live Oak had previously provided this documentation to Plaintiffs for other payment applications, Live Oak responded on or around July 5, 2024, claiming that the documents requested by Plaintiffs were confidential bank documents and declined to provide a copy to Plaintiffs.

7

First Amended Complaint

47.    Plaintiffs responded on July 6, 2024, requesting that Live Oak reconsider their decision to withhold the requested information and advised Live Oak that Plaintiffs had reason to believe that there may have been errors and inconsistencies associated with the approval and draw for Payment Application #1.

48.    After internal review, Live Oak indicated, in a July 12, 2024 conference call, that it was still unwilling to provide the requested information and denied responsibility for any discrepancy in the documentation, attributing any liability to third party processes.

49.    Live Oak further informed Plaintiffs that loan funding was subject to a limited disbursement window and that failure to complete construction within that window could require Plaintiffs to seek additional financing.

50.    On or around February 24, 2025, Plaintiffs again requested that Live Oak produce all applications for payment on the Project, all communications with Regency, and all documents from CFSI Loan Management ("CFSI") regarding Regency's request for payment and CFSI's evaluation of such requests.

51.    On February 26, 2025, Ted Shipley of Live Oak agreed to produce the requested payment applications and CFSI-related documents without a subpoena. Live Oak later reversed course and asked Plaintiffs to submit a subpoena to "paper the file."

52.    On or about October 14, 2025, Plaintiffs, through counsel, sent Live Oak a written demand letter concerning the Loan Agreement and the Project, again demanding production of the supporting documentation for Payment Application #1 and draw-administration documentation.

53.    In early November 2025, in the course of administering the Loan, Live Oak transmitted a document titled "Third Loan Modification Agreement" purportedly in connection with the sale of the Property ("Modification"). However, Live Oak had already approved of the sale previously, and the sale had already closed by the time Live Oak transmitted the document.

54.    Under the Modification, Live Oak would permit the sale of the Property and release its lien interests upon application of the sale proceeds to the outstanding loan balance.

55.    When questioned by Plaintiffs, Live Oak represented that the Modification was merely an administrative document intended to align with the sale closing and to update its

internal loan file. What Live Oak failed to mention is that the Modification also contained expansive release language whereby Plaintiffs would functionally waive and release Live Oak from any defenses, offsets, or claims – whether known or unknown – arising from the Loan Agreement, loan servicing, or prior conduct of Live Oak.

56. Plaintiffs objected to the Modification because of the expansive release of liability language and the fact that Live Oak was requesting that Plaintiffs backdate the Modification.

57. By misleading Plaintiffs about the sufficiency of documentary support for Payment Application #1, selectively disclosing information, withholding material facts concerning the draw process, continuing to present the loan disbursements as properly administered, and presenting a backdated loan modification embedded with sweeping release language unrelated to the purported purpose of the Modification, Live Oak engaged in conduct that was unfair and deceptive and concealed material information Plaintiffs reasonably relied upon in connection with the Project and respective loan funding.

58. As a proximate result of Live Oak's unfair and deceptive practices, Plaintiffs have suffered damages in excess of $14,210,831.00.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.


**PRAYER**

**On the First, Second, and Fourth Causes of Action:**

1. For compensatory damages in the amount of $14,210,831.00;

2. For attorneys' fees and costs;

**On the Third and Fifth Causes of Action:**

3. For compensatory damages in the amount of $14,210,831.00;

4. For treble damages;

5. For attorneys' fees and costs.

**On all Causes of Action**

6. For such other and further relief as the Court deems just and proper.

First Amended Complaint

DATED:  March 20, 2026

**WOMBLE BOND DICKINSON (US) LLP**

By: _____

Quinlan Tom
Nabeal Sunna
Attorneys for Plaintiff
1014 Union City Blvd LLC and Union City
Veterinary Corporation

First Amended Complaint



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110. If applicable, when you file your CM-110 file one of the following:
>     - Parties seeking early ADR may request a delay of the Initial Case Management Conference (CMC) by filing form ALA ADR-001, Stipulation to Attend Alternative Dispute Resolution (ADR) and Delay the Initial CMC for 90 days.
>     - Parties seeking referral to the Civil and Probate Mediation Panel (CMP) should file with the clerk a Request for Referral to CMP and Proposed Order.
>
> - Agreeing to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
> Or visit the court's website at www.alameda.courts.ca.gov/general-information/adr

### What Are the Advantages of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is the Disadvantage of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation –* A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

- o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

    Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - o **Judicial Arbitration Program (**non-binding**)**: The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - o **Private Arbitration (**binding and non-binding**)** occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs in Alameda County

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 337-7175
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

**The Congress of Neutrals**
3478 Buskirk Avenue, Suite 1000, Pleasant Hill, CA 94523
Telephone: (925) 937-3008  Website: www.congressofneutrals.org
Their mission is to serve the community, promote harmony and help resolve conflict,
one conversation at a time.

Note: For a list of additional mediation service providers, please contact the ADR Office.

ALA ADR-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*) | *FOR COURT USE ONLY* |

TELEPHONE NO.:                          FAX NO. (*Optional*):
E-MAIL ADDRESS (*Optional*):
ATTORNEY FOR (*Name*):

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:
MAILING  ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544, or Fax to (510) 267-5727.

1.  Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

Date:                          Time:                          Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

☐ Court mediation          ☐ Judicial arbitration
☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

a.  No party to the case has requested a complex civil litigation determination hearing;
b.  All parties have been served and intend to submit to the jurisdiction of the court;
c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
e.  Case management statements are submitted with this stipulation;
f.  All parties will attend ADR conferences; and,
g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**Page 1 of 2**

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

**Cal. Rules of Court, rule 3.221(a)(4)**

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF DEFENDANT)

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)